UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTURO ROJAS,<br><br>   Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>   Defendant. | Case No. 1:21-cv-01567 |

## COMPLAINT

**NOW COMES** Plaintiff, ARTURO ROJAS, through undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. ARTURO ROJAS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 172 Lakeside Drive, Unit 1928, Saint Charles, Illinois 60174.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Kansas.

1

7. Defendant has its principal place of business at 350 Camino De La Reina, San Diego, California 92108.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. In April of 2015, Plaintiff applied for a Capital One Bank (USA), N.A. ("Capital One") credit card.

11. Upon approval, Capital One issued Plaintiff a credit card bearing an account number ending in 0346.

12. Plaintiff activated this card and began using his card for personal and household purchases.

13. Plaintiff made no less than $8,639.74 in charges to this card.

14. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $8,639.74 balance was charged-off.

15. On December 31, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.[2]

---

[1] Midland Credit Management (MCM) connects with consumers every day to help resolve past-due debts. We specialize in servicing accounts that have fallen behind and have been charged off by the lender. https://www.midlandcredit.com/who-is-mcm/ (last accessed March 22, 2021).

[2] Ch-7 JSB 19-36575 Arturo Rojas

16. The schedules filed by Plaintiff included Capital One on Schedule F – Creditors Who Have Unsecured Claims.

17. On January 4, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent notice of Plaintiff's Chapter 7 bankruptcy case by Electronic Data Interchange (EDI)[3] to Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, Utah 84130-0285 on January 3, 2020 at 07:03:00.

18. On March 30, 2020, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

19. On April 1, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent notice of Plaintiff's Chapter 7 bankruptcy discharge by Electronic Data Interchange (EDI) to Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, Utah 84130-0285 on March 31, 2020 at 06:58:00.

20. On February 24, 2021, Plaintiff's account was sold to Defendant.

21. Defendant mailed Plaintiff a letter, dated March 9, 2021 (the "Letter"), which stated:

---

[3] Upon execution of an agreement, the BNC transmits bankruptcy notices to high-volume notice recipients in the EDI format. EDI is an electronic file format that supports the automated transmission and extraction of case data from notice files. Through the Electronic Bankruptcy Noticing (EBN) Program, entities can receive notices via EDI, pursuant to the American National Standards Institute (ANSI) X12 175 Court Notice Transaction Set. The BNC will transmit only the variable information in the notice (e.g., form identification codes, debtor names, 341 meeting locations), in lieu of the entire notice text. The BNC can send the following types of notices via EDI: notice of meeting of creditors (341 notice), discharge notice, dismissal notice, and notice of assets generated by the courts' case management system (CM/ECF). The remaining court-generated notices and orders would be sent via email. EDI subscribers receive notices days faster than by U.S. mail. Additionally, EDI subscribers are able to reduce their bankruptcy notice processing expenses by replacing manual data entry processes with automated procedures. Fed. R. Bankr. P. 9036, which authorizes electronic noticing, requires the recipient to make a written request for electronic noticing. The EBN agreement satisfies the rule requirements, and it describes the EDI noticing process. The BNC software compares the entity's name and address included in the court's record with any names and addresses provided in the EBN agreement. If there is a match, the notice will be sent electronically. If there is no match, the BNC will send the notice via U.S. mail. Thus, in order to maximize the effectiveness of EBN, it is important for an entity to enter its name and address exactly as it appears on bankruptcy court notices, along with any name and address variations that appear on bankruptcy court notices.

| Account Transfer Details | |
|---|---|
| Original Creditor | CAPITAL ONE BANK (USA), N.A. |
| Original Account Number | xxxxxxxxxxxx0346 |
| Current Servicer | Midland Credit Management, Inc. |
| MCM Account Number | 310998728 |
| Current Owner | Midland Credit Management, Inc. |
| Current Balance | $8,639.74 |

Flexible payment options available

**Account at a Glance**

**Current Balance**
**$8,639.74**

**Flexible payment options Available**

**Receive personalized service**

**Begin your path to your financial freedom TODAY!**

**Reply by**
**4/23/2021**
**MidlandCredit.com**
**Call 877-452-7959**
Mon-Fri: 8am – Midnight ET
Sat-Sun: 8am – 7:30 p.m. ET

RE: CAPITAL ONE BANK (USA), N.A. SIGNATURE

Dear Arturo,

Welcome! On 2/24/2021, your account was sold to Midland Credit Management, Inc., which is now the sole owner of this debt. Midland Credit Management, Inc. ("MCM") a debt collection company, will be collecting on and servicing your account.

To welcome you to MCM, we'd like to offer you an opportunity to resolve this account with no further letters or phone calls.

MCM is a different kind of debt collector. Here is what to expect:
-- A dedicated Account Manager will be assigned to your account
-- We will reach out to you by phone

MCM, a partner you can trust.

We value your experience and understand that managing debt can be a difficult process! That is why we set standards for how you are to be treated while working with us. Call 877-452-7959 to experience the difference for yourself.

Sincerely,
Tim Bolin
Division Manager

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## **DAMAGES**

23. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

24. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); *see also O'Rourke*

*v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

25. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

26. Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

27. Indeed, the United States Supreme Court has described the protection which a debtor derives from the entry of a discharge order as one of the "[c]ritical features of every bankruptcy proceeding…." *Cent. Virginia Cmty. Coll v. Katz*, 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006).

28. Thus, "when a discharge injunction is violated, a debtor is denied one of the primary benefits offered by the present bankruptcy system." *Mooney v. Green Tree Servicing, LLC*, 340 B.R. 351, 358 (Bankr. E.D. Tex. 2006).

29. Defendant's unlawful collection practices deprived Plaintiff of one of his fundamental protections and presented real risk of harm to Plaintiff—as there is a danger that debt collectors will continue to send these letters, thinking that the recipient mightn't realize that his debts had been discharged or that the debt he was dunned for, perhaps long after the bankruptcy, was among the debts that had been discharged. Or he might think the debt was a debt that cannot be discharged in bankruptcy.

30. Defendant's unlawful collection practices; specifically, attempting to coerce/entice/mislead Plaintiff into paying an amount—$8,639.74—he no longer owed—causing Plaintiff to believe his bankruptcy was for naught—producing anxiety and emotional distress.

31. Concerned with having had his rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

33. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (2)    The false representation of–

        (A)    the character, amount, or legal status of any debt.

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. Defendant's March 9, 2021 Letter to Plaintiff asserted that Plaintiff's $8,639.74 balance was due and demanded that Plaintiff pay the debt.

35. But at the time of Defendant's March 9, 2021 Letter to Plaintiff, Plaintiff's $8,639.74 balance *was not* due because that debt had been discharged in Plaintiff's Chapter 7 bankruptcy.

36. It seems clear, then, that Defendant's March 9, 2021 Letter to Plaintiff misrepresented the legal status of Plaintiff's debt in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

**Violation of 15 U.S.C. § 1692f**

37. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

38. Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

39. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect Plaintiff's $8,639.74 balance—collection of which is prohibited by 11 U.S.C. § 524(a)(2).

40. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

> (1) any actual damage sustained by such person as a result of such failure;

  (2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 22, 2021  Respectfully submitted,

**ARTURO ROJAS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com